[No. 15525. Department One. December 18, 1919.]

J. L. BURGESS, *Appellant*, v. F. L. CONFORTH *et al.,*
*Respondents.*[1]

FRAUDULENT CONVEYANCES (93)—TRANSACTIONS BETWEEN HUSBAND AND WIFE—EVIDENCE—SUFFICIENCY. The transfer by a husband to a wife of corporate stock in pursuance of a prenuptial agreement is supported by a sufficient consideration and will not be held fraudulent as to community property creditors where there were no facts or circumstances to overcome the positive oral evidence as to the *bona fides.*

SAME (93). A husband and wife's mortgage of an automobile to secure an indebtedness due from the husband, executed prior to recovery of judgment against husband and wife, is supported by a sufficient consideration, and is not fraudulent as to the judgment creditors, where there were no facts or circumstances to overcome positive oral evidence as to the *bona fides.*

Appeal from a judgment of the superior court for King county, Smith, J., entered March 15, 1919, upon granting a nonsuit, dismissing an action for equitable relief, tried to the court. Affirmed.

*Elias A. Wright* and *Sam A. Wright,* for appellant.
*J. P. Wall,* for respondents.

MAIN, J. — The purpose of this action was to set aside the transfer of certain personal property, alleged to have been made in fraud of creditors. The cause was tried to the court without a jury. At the conclusion of the plaintiff's evidence, the defendant chal-

[1]Reported in 186 Pac. 263.

lenged the sufficiency thereof and moved for a dismissal of the action. This motion was sustained and a judgment of dismissal entered, from which the plaintiff appeals.

The facts may be summarized as follows: The appellant holds two judgments against the respondent F. L. Conforth and the community consisting of himself and wife. These judgments arose out of an accident occurring to the appellant and one W. J. Mayouck on December 12, 1917. Thereafter the appellant and Mayouck each brought actions, the former recovering a judgment on July 2, 1918, and the latter on June 29, 1918. Prior to the institution of the present action, the Mayouck judgment was assigned to the appellant. Mr. and Mrs. Conforth were married on May 25, 1917. The property the transfer of which is claimed in this action to be fraudulent was fifty-one shares of stock in the Guarantee Manufacturing Company, a corporation, and an automobile. The stock was transferred by Mr. Conforth on August 17, 1917, to Mrs. Conforth. The automobile, on April 5, 1918, was mortgaged to the Guarantee Manufacturing Company to secure a balance of the indebtedness then due to the company from Mr. Conforth.

The evidence relative to the transfer of the stock consists largely of the testimony of Mr. and Mrs. Conforth. Each of them testified that the transfer of the stock was made in pursuance of a prenuptial agreement. Their testimony was that, prior to the marriage, Mr. Conforth had agreed to give to Mrs. Conforth the stock in consideration of the marriage, and that the subsequent transfer was the carrying out of this agreement. The appellant strenuously contends that the stock was not transferred until August 17, 1918. The trial court, however, did not disbelieve the testimony of Mr. and Mrs. Conforth, and the record furnishes

no reason for this court to conclude that they testified other than truthfully on this matter. As to the automobile, the evidence shows that, prior to the time of the accident, there had been a crude attempt to transfer it to the corporation as security for a loan. Subsequently, and before the judgments above mentioned were obtained, a note secured by a mortgage, properly executed, was given to secure the balance of the indebtedness then due. The mortgage was filed for record, as required by law. The evidence in the case consisted largely in the testimony of adverse witnesses placed upon the stand by the appellant and subject to cross-examination. The testimony as to both the stock and the automobile was positive as to the *bona fides* of the transactions. The record furnishes no facts or circumstances which would overcome the oral testimony of the witnesses and justify the court in holding that either of the transactions was fraudulent. Both occurred prior to the time the judgments were obtained and each was supported by an adequate consideration. The questions in the case are solely those of fact.

The judgment will be affirmed.

HOLCOMB, C. J., MACKINTOSH, MITCHELL, and PARKER, JJ., concur.